*8 ORDER DENYING AWARD OF DAMAGES
DARRELL DOWTY, Chief Justice.
This matter comes on upon the Petitioner’s Motion for certain damages including back wages. Appearing are the Petitioner William Bush in person and with his Attorneys, Terry D. Bigby and Chester R. Jones. Appearing for the Respondent Cherokee Nation is Richard D. Osburn. The respective parties have filed their written Briefs and authority and have presented their positions in oral argument on the 1st day of March, 2002. This question is properly before this Court pursuant to Article VII of the Constitution of the Cherokee Nation.
By prior written order on June 14,2001, this Court upheld the EAB Examiner’s finding that the Petitioner was wrongfully terminated from his employment on June 30, 2000, and the matter was remanded to the EAB for reinstatement and damages pursuant to § 1029 of the Employee Administrative Procedures Act. The Examiner reinstated the Petitioner, found that he should not suffer any loss of seniority or benefits and found that the Board lacked jurisdiction to award back wages. The Petitioner appeals the finding as to the award of back wages and alleges that this Court has jurisdiction to award back wages to the Petitioner. The Respondent Cherokee Nation alleges that there is no Constitutional or Statutory authority for the award of back wages at this time.
The Council of the Cherokee Nation passed the Employee Administrative Procedures Act (EAPA) in 1996 codified at Title 51 CNCA § 1001, et seq. Section 1029 of the Act provides the remedy to employees who are successful on Appeal, stating that the employee “shall be immediately restored to Cherokee Nation Employment in the same or similar job position, with pay no less than the pay received at the time of termination, and with benefits retroactive to the date of the termination, and his personnel records adjusted as may be consistent with the revocation action.” Section 1029 further provides that “The remedies provided herein shall be exclusive, and the Cherokee Nation expressly declines to waive sovereign immunity as to suit for recovery of any form of damages or relief other than the relief set forth herein.” There being no evidence offer by the parties as to legislative intent, the Court must look to the language of the Act to determine its meaning. In this regard, the Court must give deference to the Acts of the Legislative Branch and must reconcile the Act with the Constitution where possible. Here, the Council makes specific and separate reference to “pay” and “benefits” in the same sentence, differentiating these terms and giving them different treatment. This Court finds the interpretation of the Hearing Examiner to be a correct one. The intent of the Act as discerned from the unambiguous language does not provide for the award of back wages.
The question then is whether this provision of the Act runs afoul of the Constitution of the Nation. Can the Council limit damages to a.wrongfully terminated employee as set out in Section 1029 of the Act? Clearly, the Council has the Constitutional authority and the duty to adopt rules and procedures for the employee’s right of appeal before this Court.[1] The *9 Council further has the general power to enact laws for the good of the Nation.[2] Employees of the Nation who have served in a position for one (1) year, cannot be terminated except for cause.[3] Further, Mr. Bush, as a member of the Nation is afforded the protections of Article II of the Nation’s Constitution.[4] Further, in McCoy v. Cherokee Nation, JAT-2000-06, this Court has held that the right in continued employment as afforded by Article XII of the Constitution, is a protected property right.
In looking to prior precedent of this Court interpreting the Constitution, we find no clear line of authority. The first case after the passage of the Constitution, examining the right to back wages was In Re Appeal of Lena Squirrel, JAT-79-01. Although the Court in Squirrel, affirmed the termination, the Court, in apparent dicta, found no provision of the Constitution which authorized back pay to a prevailing employee.[5] In Nix v. Cherokee Nation, JAT-93-03, the Court, having awarded back wages to the prevailing employee, further awarded attorneys fees, stating that “Under the Constitution and the Laws of the Cherokee Nation, Mr. Nix is entitled to be made whole as a result of his unlawful removal by the tribe. He would not be made whole if, in fact, we reinstated him, -but by our refusal to award attorney fees and costs, required him to expend his back pay on attorney fees.” Then in Mauldin v. Cherokee Nation, JAT-95-01, the Court awarded back pay, citing Nix, but declined to award attorneys fees because the Council had passed a statute barring such award. In a case styled “In the Matter of the Termination of Todd Casteel”, JAT-95-13, the Court upheld the award of back wages as agreed by the parties and did not cite prior precedent or authority.
In Kin h iso a v. Cherokee Nation,, JAT-96-03, the Nation asserted the doctrine of sovereign immunity as a bar to the recovery of damages, but agreed that if the Petitioners prevailed on their argument, they could be reinstated with equitable back pay and perhaps have certain costs and fees. The Court therein looked at Article II of the Constitution and found that the sentence affording a speedy and certain remedy for every wrong or injury to person, property or reputation is clearly limited by the subsequent provision that “The Council shall prescribe the procedures pertinent thereto.” The Court found ".... that there is no constitutional or statutory waiver of the Cherokee.-, nation’s sovereign immunity, either by the tribe or by Congress, that would allow any remedies in employment termination review cases, other than reinstatement with *10 equitable back pay, and certain costs and perhaps fees.” The Court did not indicate whether the remedy of back wages was based on the Constitution or on the absence of a statutory limitation.
Since the passage of the EAPA, the Court has found no cases awarding back wages which were based upon wrongful terminations following procedures set out in the Act. Two cases, Fargo v. Cherokee Nation, JAT-96-21 and Maddox v. Cherokee Nation, JAT-97-34, reflect an award of wages pursuant to improperly terminated teacher contracts appealed directly to this Court.
In employee termination cases, this Court has consistently upheld the power of the Council of the Cherokee Nation to limit damages under Article II of the Constitution. In Nix, the Court found that an aggrieved employee could not be made hold without an award of attorney fees, but acceded to the Council’s Act barring such recovery in Mauldin. In Kmnison, the Court recognized the right of redress in Article 11 was subject to the limiting power of the Council.
Accordingly, it will be the finding of this Court that the Council enactment of Section 1029 of the EAPA, is a reasonable exercise of the Legislative power granted by Article’s II, V, and XII of the Constitution. The present language of Section 1029 does not grant the authority to the EAB to award back wages to prevailing employees. The power lies with the Council to grant or deny this remedy.
IT IS THEREFORE ORDERED that the Petitioner’s Appeal and application for the award of back wages is hereby denied and the finding and Order of the Hearing Examiner denying such relief for lack of jurisdiction is hereby affirmed.

. Cherokee Nation Constitution (19751, Article XII, "... The employee shall be afforded a hearing by the Judicial Appeals Tribunal under such rules and procedures as may be prescribed by the Council These rules and procedures, however, must follow, as nearly as practicable, the provisions of the Okla *9 homa Administrative Procedures Act, Title 75, Oklahoma Statutes 301, et seq."

. Cherokee Nation Constitution (1975), Article V, Section 7. "... The Council shall have the power to establish laws which it shell deem necessary and proper for the good of the Nation, which shall not be contrary to the provisions of this Constitution ...”

. Cherokee Nation Constitution (1975), Article XII. "No employee, who having served in a position at least one (I) year, shall be removed from the employment of the Cherokee nation except for cause ...”

. Cherokee Nation Constitution (1975), Article IL Section L "The judicial process off the Cherokee nation shall be open to every member of the Cherokee nation. Speedy and certain remedy shall be afforded under the terms of this Constitution for every wrong and injury to person, property or reputation wherein said remedy does not conflict with the laws of the United States. The Council shall prescribe the procedures pertinent thereto ...”

. "We might add however, that we can find no provision of the Cherokee Constitution or of the personnel policies and procedures that authorized back pay in the event that an employee should prevail, in some future case.”